UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                                        Plaintiff,

v.

LG CAPITAL FUNDING, LLC, and
JOSEPH I. LERMAN,

                                        Defendants,

and

DANIEL GELLMAN,
BORUCH GREENBERG, and
ELI SAFDIEH,

                                        Relief Defendants.

Civil Action No.
22-cv-3353-WFK-JRC

## JOINT STATUS REPORT

Pursuant to the Court's ECF Order dated August 6, 2024, and in anticipation of the August 20, 2024 hearing before the Court, Plaintiff Securities and Exchange Commission and Defendant LG Capital Funding, LLC jointly submit this update regarding the SEC's motion to compel filed July 1, 2024. ECF No. 72.

### SEC's UPDATE

There has been no progress on any of the issues raised in the SEC's motion to compel. On April 8, 2024, LG Capital served its objections and responses to the SEC's March 8, 2024 Requests for Production (March 8 RPFs). It agreed at that time to produce certain responsive documents. Even as to this category – the documents not in dispute – LG Capital has yet to produce a single document to the SEC, despite, at one point, former counsel for LG Capital telling the SEC that he thought documents might be ready for production by the end of June

2024. The disputed categories of documents remain in dispute: (i) documents dated after December 31, 2021, (ii) documents showing the final disposition of all post-conversion shares and unconverted notes, (iii) communications regarding the note transactions, (iv) information concerning other business, if any and (v) tax returns. The SEC does not believe that LG Capital has stated anything new regarding these categories in its below "update." Accordingly, the SEC relies on the position it has taken with respect to these categories in the prior joint status report and its brief in support of its motion to compel and will not repeat its position here.  *See* ECF Nos. 71, 72 (setting forth the SEC's position on each category).

      To the extent LG Capital now suggests that its failure to produce documents is excusable because "[the SEC] too has not produced a single document responsive to LG Capital's discovery requests," it's position is legally flawed and misrepresents what the SEC has produced in this case. First, the SEC has produced over 90,000 documents to LG Capital to date, in this litigation, without waiting for LG Capital to serve RFPs. Second, LG Capital served its Requests for Production on the SEC on June 11, 2024 – more than 3 months after the SEC served the at-issue March 8 RFPs; and, when the SEC served its responses and objections on August 9, it had fully completed its searches, and provided LG Capital with a date certain (August 30) by which it expects to produce responsive documents. The SEC has been nothing but completely diligent.[1] And, in any event, one party's production obligation is not dependent on whether or when any other party has produced documents. LG Capital not only has not produced a single document in this litigation but also it has not committed to a start date for its supposed rolling production, or even stated that it has completed its search for documents. Indeed, in its section of the parties'

---

[1] The SEC's response to LG Capital's June 11 RFPs is not in issue; indeed, LG Capital has not even so much as requested a meet-and-confer with the SEC concerning its responses and objections.

Joint Status Report file June 30, 2024 (ECF No. 71), LG Capital claimed to still be searching for documents. The SEC requested this Court's assistance in enforcing its March 8 RFPs because LG Capital has been wholly unresponsive. The SEC will gladly address any additional questions the Court may have during the August 20, 2024 hearing.

### DEFENDANT LG CAPITAL's UPDATE

LG Capital is in agreement with the SEC's assertion that there has been no progress made as to the *disputed* production issues raised in the SEC's letter motion to compel. However, LG Capital provides additional context[2] to the categories of documents that remain in dispute:

i. Documents dated after December 31, 2021

The SEC's Complaint is premised on the period of January 1, 2016 through December 31, 2021. However, the SEC insists that the Relevant Period should extend through the present day, and it justifies this stance by citing nebulous, open-ended, and vague language in its Complaint stating that the Relevant Period is "*at least* January 1, 2026 through *at least* December 31, 2021." In various Meet and Confers, the SEC has conditioned restriction of its definition of "Relevant Period" upon various representations by LG Capital as to its convertible note transaction activity. This is a nakedly improper tactic.

ii. Documents showing the final disposition of all post-conversion shares and unconverted notes.

Relevant to the SEC's Request No. 3, LG Capital has agreed to produce brokerage statements after the SEC clarified, in response to LG Capital's initial objection to vagueness, that it was "looking for documents that reflect the disposition of equity holdings, which could be demonstrated through brokerage statements or otherwise." Relevant to the SEC's Request No. 4,

---

[2] LG Capital refers the Court to its July 3, 2024 Opposition Letter (ECF No. 73) for a full exposition of its stance in opposition to the SEC's motion.

LG Capital has agreed to produce documents showing repayment by the issuer, accounting records showing write offs, and documents evidencing lawsuits filed against an issuer to enforce a note. This agreement followed clarifications by the SEC in response to LG Capital's initial objection to vagueness, stating that "documents responsive to this Request would include any Document showing the ultimate disposition of an unconverted note, including records showing repayment by the issuer, evidence of lawsuits filed against an issuer to enforce a note, and accounting records showing write offs."

The SEC has now bizarrely changed its tack, asserting that LG Capital's agreements to the SEC's own suggestions amounts to "seek[ing] to limit its production."

iii.   Communications regarding the note transactions

Relevant to Request Nos. 5 - 8, the SEC demands a near endless collection of communications between LG Capital internally, or with "any Person . . . any finder, broker, independent contractor or other third party . . . [or] any third party", that concern "any actual or potential Convertible Transaction" or "any Issuer." These demands also encompass communications with 106 issuers not specifically identified in the SEC's Complaint. To date, the SEC has offered no limitation to this demand, and has instead suggested unfettered access to the entirety of LG Capital's communications.

iv.   Information concerning other business

The SEC's claim is based on purported "buying and selling securities" under the Exchange Act, an accusation which LG Capital denies. However, the SEC believes that this defense entitles it to <u>*all*</u> documents relevant to wholly distinct businesses or operations that have nothing to do with the Convertible Note Transactions at issue. It does not.

      v.    Tax Returns

The SEC believes that LG Capital has waived objections to produce its tax returns. This assertion is dubious and is based on a purported belief by LG Capital's *former* counsel. For the reasons raised in its July 3, 2024 Opposition Letter, LG Capital has not waived its objections to the SEC's requests for its tax returns. Moreover, tax returns are not routinely provided, and the SEC has failed to meet the two-part showing required to compel production of tax returns in civil actions, as articulated by this Court in *Ellis v. PB Ventilating Sys., Inc.,* 2023 WL 7179311, at *2 (E.D.N.Y. Nov. 1, 2023).

As for the *undisputed* production issues—i.e., disclosure that LG Capital already agreed to produce—the SEC's only remaining contention regards the timing of the production. In short, the SEC believes that it is simply taking LG Capital too long to turn over the previously agreed-upon production. The SEC, therefore, is demanding immediate production of these documents through motion practice, and relies on mere aspirational statements made months ago by LG Capital's *former* counsel.

LG Capital's *current* counsel has been nothing but forthcoming with this Court and with the SEC about the challenges of the disclosure demanded by the SEC. The undersigned has advised both this Court and the SEC from the very beginning that discovery in this action will be lengthy and time consuming. This remains true and unchanged. The process is laborious, manual, and time-consuming, yet LG Capital continues to make diligent efforts to put together its discovery production and intends to begin its rolling production as soon as possible. These efforts have not been assisted at all by the SEC's meritless stances as to the disputed production issues raised in its letter motion. Moreover, while the SEC is quick to point out that LG Capital has not yet produced

5

any documents relevant to its discovery requests, it conveniently omits the fact that it too has not produced a single document responsive to LG Capital's discovery requests.

LG Capital only received the SEC's written responses and objections to LG Capital's discovery responses on Friday, August 9, 2024—barely three business days prior to the filing of this joint statement. No documents were produced by the SEC with its responses and objections. Moreover, to the best of LG Capital's knowledge, the SEC does not face any of the same or similar production challenges by LG Capital's requests (i.e., laboriousness, manual-nature of the search, time necessary to response, etc.) that the SEC requires of LG Capital in responding to the SEC's demands. Therefore, the SEC's effort to demand immediate production of these documents should be rejected.

Dated: August 14, 2024                    Respectfully submitted by:

|   |   |
|---|---|
|   | /s/Suzanne J. Romajas<br>Suzanne J. Romajas<br>Securities and Exchange Commission<br>100 F Street NE<br>Washington, DC 20549<br>Tel: 202-551-4473<br>Email: RomajasS@sec.gov<br><br>*Attorney for Plaintiff*<br><br>-and-<br><br>_____<br>Ernest E. Badway<br>Thompson Hine LLP<br>300 Madison Ave., 27th Fl.<br>New York, NY 10017<br>Tel: 212-908-3916<br>Email:<br>Ernest.Badway@thompsonhine.com<br><br>*Attorney for Defendants LG Capital and Lerman and Relief Defendants Gellman and Greenberg* |

6